UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.00-317(DSD/ESS)
Civil No. 04-0617(DSD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S § 2255 PETITION |
| ANTOINE DONNELL MORISH, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, appearing through its attorneys, Thomas B. Heffelfinger, United States Attorney, and David P. Steinkamp, Assistant United States Attorney, hereby responds to defendant's § 2255 Petition.

BACKGROUND

The record shows that in November 2000, a three count Indictment was returned by a federal grand jury charging defendant with Possession With Intent to Distribute in Excess of 500 grams of Cocaine; Possession With Intent to Distribute in Excess of 5 Grams of Cocaine Base and Possession of Firearm During and In Relation to a Drug Trafficking Crime.

On January 19, 2001 the defendant entered a plea of guilty to Count 1. On June 21, 2001 the defendant was sentenced to 151 months imprisonment. On July 2, 2001 the defendant, through counsel David Redburn, filed a notice of appeal. On May 16, 2003 the Eighth Circuit Court of Appeals dismissed the defendant's appeal. See Exhibit_A_attached. The defendant did not seek

reconsideration of the Court's dismissal or appeal to the United States Supreme Court.

On June 24, 2004 the United States Supreme Court decided Blakely v. Washington, 124 S. Ct. 2531 (2004) holding Washington's state sentencing guidelines unconstitutional.

On September 8, 2004, the defendant filed a document titled "Motion-New Rule" seeking dismissal of sentencing enhancements which were improperly imposed by the district court allegedly in violation of Blakely v. Washington.

ARGUMENT

Blakely does not apply retroactively.

The defendant seeks to present a Section 2255 petition based on Blakely v. Washington, 124 S. Ct. 2531 (2004). This petition should be denied, as Blakely does not apply retroactively to cases on collateral review. This Court has reached this very conclusion in United States v. Stoltz, 325 F.Supp.2d 982, 986 (D.Minn 2004). The Hon. Ann D. Montgomery reached an identical result in United States v. Falodun, 2004 WL 2397612 (D.Minn.)(Only the Westlaw cite is available).

In Blakely, the Court held that the application of a Washington sentencing procedure did not comport with the Sixth Amendment where a pertinent sentencing finding was made by a judge rather than a jury. The Supreme Court held that this procedure violated the principle set forth in Apprendi v. New

Jersey, 530 U.S. 466 (2000), which held that any fact which increases a statutory maximum sentence must be found by the jury under a reasonable doubt standard. The Blakely Court stated that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Blakely, 124 S. Ct. at 2537 (emphasis in original).

Specifically, in Blakely, the defendant pleaded guilty to second-degree kidnaping involving domestic violence and use of a firearm, for which a state statute established a presumptive sentencing range of 49-53 months. The court, at sentencing, imposed an "exceptional sentence" of 90 months based upon its finding that Blakely had acted with "deliberate cruelty" in committing the offense. 124 S. Ct. at 2535. The Supreme Court held that this additional finding was invalid because not supported by a jury verdict or admission. The defendant seeks to rely on this holding to assert that the application of enhancements under the federal guidelines bears the same requirement, and that his sentence was unconstitutionally applied where pertinent facts were found by a judge rather than a jury.

Blakely stated that it passed no judgment on the federal guidelines. See id. at 2538 n.9. Indeed, it is the government's view that Blakely does not apply to the federal guidelines, which have repeatedly been upheld by the Supreme Court, and which

differ in material respects from the Washington state scheme at issue in Blakely. Further, any claim by the appellant would be subject to plain error review, because he did not make any earlier objection on this basis. See Fed. R. Crim. P. 52(b); United States v. Cotton, 535 U.S. 625 (2002) (Apprendi error in indictment is subject to review for plain error in the absence of timely objection); Johnson v. United States, 520 U.S. 461, 466-67 (1997); United States v. Vazquez, 271 F.3d 93, 99 (3d Cir. 2001) (en banc).

However, the claim should not be reached at all, as Blakely, even if it applies to the federal guidelines, should not be applied retroactively. The Supreme Court has long held that its new constitutional decisions are not necessarily applicable to proceedings that had been completed when the new decisions were rendered. See Allen v. Hardy, 478 U.S. 255 (1986) (jury selection rule of Batson v. Kentucky, 476 U.S. 79 (1986), not applicable to cases on collateral review); Solem v. Stumes, 465 U.S. 638 (1984) (custodial interrogation rule of Edwards v. Arizona, 451 U.S. 477 (1984), not applicable to cases on collateral review); Michigan v. Payne, 412 U.S. 47 (1973) (prophylactic sentencing rule of North Carolina v. Pearce, 395 U.S. 711 (1969), not retroactive); Halliday v. United States, 394 U.S. 831 (1969) (guilty plea acceptance rule of McCarthy v. United States, 394 U.S. 459 (1969), not retroactive); Stovall v.

Denno, 388 U.S. 293 (1967) (identification procedure decisions of United States v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263 (1967), not retroactive); Johnson v. New Jersey, 384 U.S. 719 (1966) (interrogation rules of Escobedo v. Illinois, 378 U.S. 478 (1964), and Miranda v. Arizona, 384 U.S. 436 (1966), not retroactive); Tehan v. Shott, 382 U.S. 406 (1966) (Griffin v. California, 380 U.S. 609 (1965), rule against commenting on defendant's failure to testify not retroactive); Linkletter v. Walker, 381 U.S. 618 (1965) (exclusionary rule of Mapp v. Ohio, 367 U.S. 643 (1961), not retroactive).

The governing rule was set forth in Justice O'Connor's plurality opinion in Teague v. Lane, 489 U.S. 288 (1989). Justice O'Connor endorsed Justice Harlan's principles "that new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." Id. at 303. The latter principle is subject to only two narrow exceptions, which Justice O'Connor adopted from Justice Harlan with some modification. First, a new rule should be applied to cases on collateral review if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Id. at 311. Second, a new rule should be applied retroactively if it implicates fundamental fairness in a way that seriously affects

the likelihood of an accurate conviction. Id. at 312-13. The Supreme Court has limited the class of new rules which concern fundamental fairness to "watershed rules of criminal procedure implicating fundamental fairness and accuracy of the criminal proceeding." It has stated: "Whatever the precise scope of this exception, it is clearly meant to apply only to a small core of rules requiring 'observance of those procedures that . . . are implicit in the concept of ordered liberty.'" Graham v. Collins, 506 U.S. at 478, quoting Teague, 489 U.S. at 311. In Teague, Justice O'Connor stated: "Because we operate from the premise that such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." 489 U.S. at 313.[1]

Although the relevant portion of Justice O'Connor's opinion was a four-justice plurality opinion, her Teague standards have been applied by a majority of the Supreme Court, with some modification for sentencing rules, in a number of cases. See, e.g., O'Dell v. Netherland, 521 U.S. 151 (1997); Graham v. Collins, 506 U.S. 461 (1993); Sawyer v. Smith, 497 U.S. 227 (1990). As the Court explained in O'Dell v. Netherland, "[t]he

---

[1] The Supreme Court, despite many decisions addressing new rules of constitutional law, has yet to find any retroactive under the Teague rule. See Levan v. United States, 128 F. Supp. 2d 270, 277-78 (E.D. Pa. 2001) (collecting cases).

Teague inquiry is conducted in three steps." 521 U.S. at 156. The first step is to determine whether the defendant's conviction became final prior to the new decision he invokes. If it did not, he is entitled to the benefit of the decision. If it did become final before the new decision, the second step is to determine whether the decision adopts a new rule. If it does not, again he is entitled to the benefit of the decision. If it did adopt a new rule, the third step is to determine whether one of the two narrow exceptions applies. If either exception applies, the defendant is entitled to the benefit of the new decision. If neither exception applies, the defendant is not entitled to the benefit of the decision and the inquiry ends.

In this case, it is undisputed that the petitioner's conviction became final before June 24, 2004, the date of the Blakely decision. Thus, the inquiry moves to the second step.

The Supreme Court has defined a "new rule" as one that was not "dictated by precedent existing at the time the defendant's conviction became final." Graham v. Collins, 506 U.S. at 467; Sawyer v. Smith, 497 U.S. at 234; Teague v. Lane, 489 U.S. at 301 (emphasis in originals). A rule may be new even though it finds general support in prior cases. Sawyer v. Smith, 497 U.S. at 236. The test is whether, at the time Blakely was decided, a "reasonable jurist" would have felt "compelled" to adopt the rule it stated. O'Dell v. Netherland, 521 U.S. at 164; Graham v.

Collins, 506 U.S. at 477. Under this standard, Blakely clearly adopted a new rule.

Four years before Blakely, in Apprendi, the Court held that any fact which increases a statutory maximum sentence must be determined by a jury. Subsequently, every circuit court of appeals addressed whether this rule applied to determinations made, as in this case, in order to calculate a sentence under the guidelines within the statutory maximum. Without exception, every court held that the Apprendi rule was inapplicable to the Sentencing Guidelines, so long as the final sentence did not exceed the statutory maximum sentence on any count of conviction.[2] That body of law makes unquestionable that, even if the 5-4 decision in Blakely is ultimately held to require jury determinations regarding every enhancement factor under the federal guidelines, that result is not "dictated" by the Apprendi precedent, and reasonable jurists were not compelled to so conclude. Simpson v. United States, 376 F.3d 679, 681 (7th Cir.

---

[2] See, e.g., United States v. Casas, 356 F.3d 104, 128 (1st Cir. 2004); United States v. Luciano, 311 F.3d 146, 153 (2d Cir. 2002); United States v. Parmelee, 319 F.3d 583, 592 (3d Cir. 2003); United States v. Cannady, 283 F.3d 641, 649 & n.7 (4th Cir. 2002); United States v. Floyd, 343 F.3d 363, 372 (5th Cir. 2003); United States v. Tarwater, 308 F.3d 494, 517 (6th Cir. 2002); United States v. Merritt, 361 F.3d 1005, 1015 (7th Cir. 2004); United States v. Banks, 340 F.3d 683, 684-65 (8th Cir. 2003); United States v. Ochao, 311 F.3d 1133, 1134-36 (9th Cir. 2002); United States v. Mendez-Zamora, 296 F.3d 1013, 1020 (10th Cir. 2002); United States v. Ortiz, 318 F.3d 1030, 1039 (11th Cir. 2003); United States v. Pettigrew, 346 F.3d 1139, 1147 n.18 (D.C. Cir. 2003).

2004) (stating that Blakely is a new rule: "The rule announced in Blakely is based in the Constitution and was not dictated or compelled by Apprendi or its progeny. In fact, before Blakely was decided, every federal court of appeals had held that Apprendi did not apply to guideline calculations made within the statutory maximum.").

Because Blakely therefore constitutes a new rule of procedure, the question remains whether it is subject to either of the exceptions outlined in Teague -- for new substantive rules which change the definition of criminal conduct, or for "watershed" rules addressed to matters of fundamental fairness.

The fact that Blakely is not subject to either of these exceptions was essentially decided by the Supreme Court on the same day that it decided Blakely. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) ("the Supreme Court has strongly implied that Blakely is not to be applied retroactively"**).** **In** Schriro v. Summerlin, 124 S. Ct. 2519 (2004), the Court held that the decision in Ring v. Arizona, 536 U.S. 584 (2002), does not apply retroactively to cases already final on direct review. In Ring, the Court applied the Apprendi principle to a death sentence imposed under the same Arizona sentencing scheme at issue in Summerlin. The Ring Court concluded that, because Arizona law authorized the death penalty only if an aggravating factor was

present, Apprendi required the existence of such a factor to be proved to a jury rather than to a judge.

In Summerlin, the Court determined that Ring presented a new rule of procedure which was not retroactively applicable under the Teague formulation. First, it confirmed that Ring (and by extension, Apprendi) is in fact a procedural rule subject to Teague. The Court explained that substantive rules "narrow the scope of a criminal statute by interpreting its terms [or] place particular conduct or persons covered by the statute beyond the State's power to punish . . . ." 124 S. Ct. at 2522. In contrast, rules of procedure "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. at 2523. In a statement directly applicable to Blakely, the Court concluded, "rules that regulate only the *manner of determining* the defendant's culpability are procedural." Id. (emphasis in original). "Ring altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules . . . ." Id.

The Summerlin Court also rejected the contention that the jury requirement for sentencing factors established in Apprendi and Ring was a "watershed" rule demanding retroactive application. Addressing that exception, the Court stated "[t]hat a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.' This class of rules is extremely narrow, and 'it is unlikely that any ... 'ha[s] yet to emerge.' Tyler v. Cain, 533 U.S. 656, 667, n. 7, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (quoting Sawyer v. Smith, 497 U.S. 227, 243, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990))." Summerlin, 124 S. Ct. at 2523. The Court held that the jury requirement is not one: "When so many presumably reasonable minds continue to disagree over whether juries are better factfinders *at all*, we cannot confidently say that judicial factfinding *seriously* diminishes accuracy." Id. at 2525 (emphasis in original).

This result is directly applicable to the Blakely holding that guideline determinations under the Washington state sentencing scheme should be made by a jury rather than a judge. If, as in Summerlin, the requirement that a jury determine an aggravating factor which leads to imposition of the death penalty is not so fundamental to require retroactive application, surely

the same holding applies to the guideline enhancement issues to which Blakely is addressed.[3]

For these reasons, a claim of error under Blakely may not be raised in a case, like this one, which became final prior to the Blakely decision. Accord United States v. Beatty, 2004 WL 1759028 (4th Cir. Aug. 5, 2004) (unpublished) (denying certificate of appealability to raise Blakely claim because Blakely does not apply on collateral review). The petition should be dismissed.

Respectfully Submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/ David P. Steinkamp

BY: DAVID P. STEINKAMP
Assistant U.S. Attorney
Attorney ID No. 178470

[3] Indeed, prior to Summerlin, every appellate court to address the issue, applying similar reasoning, held that the decision in Apprendi is not retroactively applicable in cases on collateral review. See, e.g., Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77, 90 (2d Cir.), cert. denied, 124 S. Ct. 840 (2003); United States v. Jenkins, 333 F.3d 151 (3d Cir.), cert. denied, 124 S. Ct. 350 (2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304, 307-10 (5th Cir. 2002); Goode v. United States, 305 F.3d 378, 382-85 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841, 842-44 (7th Cir. 2002); United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001); United States v. Sanchez-Cervantes, 282 F.3d 664, 667-71 (9th Cir. 2002); United States v. Mora, 293 F.3d 1213, 1218-19 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001).