UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-317(DSD/ESS)
Civil No. 05-1018(DSD)

United States of America,

Plaintiff,

v. **ORDER**

Antoine Donnell Morish,

Defendant.

This matter is before the court upon defendant's "Motion - New Rule." Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court construes the motion as one under 28 U.S.C. § 2255 and denies it.

**BACKGROUND**

On January 9, 2001, defendant pleaded guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On June 21, 2001, the court sentenced defendant to imprisonment for a term of 151 months followed by four years of supervised release. Defendant appealed his sentence to the United States Court of Appeals for the Eighth Circuit. That court later dismissed the appeal as abandoned. The court of appeals entered judgment on May 16, 2003. Defendant now brings his "Motion - New Rule" seeking relief from his sentence under Blakely v. Washington, 124 S. Ct. 2531 (2004).

**DISCUSSION**

## I. Characterization of Motion

The United States has suggested that defendant's motion should be recharacterized as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. A motion brought by a criminal defendant is one under section 2255 if substantively within the section, regardless whether it is captioned "motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail-Card" or, as in this case, Motion - New Rule. United States v. Lloyd, 398 F.3d 978, 979-80 (7th Cir. 2005). Defendant's motion seeks "dismissal of the enhancements imposed by a preponderance of the evidence rather than facts beyond a reasonable doubt." (Mot. at 1.) Defendant further asserts that "[t]he calculation of the drugs was also as [sic] enhancement and no admittance of any amount was proffered by Petitioner." (Mot. at 1.) Based on these arguments, it is apparent that defendant is asking the court to vacate, set aside or correct the sentence it imposed on June 21, 2001. The court therefore determines that the substance of the motion is within

section 2255 and the recharacterization suggested by the United States is appropriate.[1]

## II. Blakely v. Washington

The court turns to the substance of defendant's motion. Defendant claims that the decision of the Supreme Court of the United States in Blakely v. Washington, 124 S. Ct. 2531 (2004), renders his sentence subject to collateral attack. In Blakely, the Court extended its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

In Blakely, the Court held that the relevant "statutory maximum" is that which a judge may legally impose "solely on the basis of facts reflected in the jury verdict or admitted by the

---

[1] Because this is defendant's first section 2255 motion, it would generally be appropriate first to warn defendant regarding the consequences of the recharacterization. See Castro v. United States, 540 U.S. 375 (2003). No warning is necessary here, however, because defendant's motion is untimely as to all issues not based upon a "new rule," the motion having been submitted more than one year following the last date upon which defendant could have sought a writ of certiorari from the Supreme Court to review the dismissal of his direct appeal. See 28 U.S.C. § 2255; Clay v. United States, 537 U.S. 522, 532 (2003). The question whether defendant's motion is timely as to his Blakely claim merges with the question whether Blakely has retroactive effect. See 28 U.S.C. § 2255 (setting forth separate limitation period for motion where right asserted "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). This question is thoroughly explored infra.

defendant." Id. at 2537 (citing Ring v. Arizona, 536 U.S. 584, 602 (2002)). The Court held that the State of Washington's sentencing scheme, which allowed imposition of a sentence above the range specified by guidelines on the basis of facts found by a judge, violated the Sixth Amendment right to trial by jury. See id. at 2538.

Defendant's Blakely claim fails because Blakely does not apply retroactively to matters on collateral review. New constitutional rules of criminal procedure are generally not applicable to cases on collateral review. See Schriro v. Summerlin, 124 S. Ct. 2519, 2522-23 (2004). Only "watershed" procedural rules are given retroactive effect so as to apply to convictions and sentences that have become final. See id. at 2523. A watershed procedural rule is one "without which the likelihood of an accurate conviction is seriously diminished." Teague v. Lane, 489 U.S. 288, 313 (1989).

In Summerlin, the Court considered whether the rule announced in Ring applied retroactively. See Summerlin, 124 S. Ct. at 2526. Like Blakely, Ring applied Apprendi to a state's sentencing procedures. See Ring, 536 U.S. at 603-09. In Ring, the Court concluded that where Arizona law permitted the death penalty given certain aggravating factors, such factors must be found by a jury, not a judge. See id. at 609. The United States Court of Appeals for the Ninth Circuit later applied Ring retroactively. See Summerlin v. Stewart, 341 F.3d 1082, 1121 (9th Cir. 2003). The

circuit court concluded that Ring had announced a substantive, rather than a procedural, rule or, alternatively, a watershed procedural rule. See id. at 1108, 1120.

On review, the Supreme Court disagreed, holding that Ring was not a substantive rule because it did not alter the range of conduct subject to Arizona's death penalty. See Summerlin, 124 S. Ct. at 2523. It further held that Ring was not a watershed rule because it is not clear that judicial fact-finding "so *seriously* diminishe[s] accuracy as to produce an impermissibly large risk of injustice." Id. at 2535 (emphasis in original) (internal quotation marks omitted). Therefore, Ring does not have retroactive effect. See id. at 2536. By that reasoning, Apprendi is not a watershed rule either.[2] It follows, then, that Blakely is also procedural, rather than substantive, and that it is not a watershed rule. Therefore, Blakely has no retroactive effect, and defendant's motion for collateral relief cannot be grounded upon it.[3]

---

[2] Compare United States v. Moss, 252 F.3d 993, 996 (8th Cir. 2001) (holding that Apprendi does not apply to initial § 2255 motions because it is not a watershed rule), with Rodgers v. United States, 229 F.3d 704, 705-06 (8th Cir. 2000) (holding that Apprendi does not apply retroactively to second or successive § 2255 motions unless Supreme Court first so holds).

[3] The court notes that the recent decision of United States v. Booker, 125 S. Ct. 738 (2005), which merely confirms that Blakely applies in the federal sentencing context, does nothing to change the court's retroactivity analysis.

## III. Certificate of Appealability

The court determines that defendant has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Thus the court does not grant a certificate of appealability.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion [Docket No. 40] is recharacterized as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

2. Defendant's motion to vacate, set aside or correct sentence is denied.

3. For purposes of appeal, the court does not certify the issues addressed herein pursuant to 28 U.S.C. § 2253(c)(2).

Dated: May 27, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court